UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAVA D. BHUYA, JR.,

                      Plaintiff,                      **REPORT AND**
                                                       **RECOMMENDATION**
         -against-                                    CV 22-6006 (AMD)(AYS)

CITIBANK, N.A.

                      Defendant.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Plaintiff, Java D. Bhuya, Jr. ("Plaintiff" or "Bhuya"), commenced this action on October 6, 2022 against Defendant, Citibank, N.A. ("Defendant" or "Citibank"), for violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 ("EFTA"), arising out of a series of fraudulent money transfers made from Plaintiff's Citigold bank account. (Compl., Docket Entry ("DE"), [1].) Thereafter, on September 22, 2023, Citibank commenced a separate action – CV 23-7082 – to confirm and enforce an arbitration award (the "Award") issued on August 4, 2023, between the same parties, and in Citibank's favor, in which the Arbitrator denied Bhuya's claims for relief under the EFTA and Article 4A of the Uniform Commercial Code ("UCC"). (Petition in CV 23-7082, DE [1].)

       By Order dated April 2, 2024, the District Court consolidated the two pending actions into the first-filed action – CV 22-6006 – and, on April 5, 2024, referred Citibank's Petition to this Court for a Report and Recommendation as to whether the Petition should be granted. (Order of Donnelly, J., dated Apr. 5, 2024.) For the reasons set forth herein, it is respectfully recommended that the Petition to confirm the Award be granted.

1

BACKGROUND

Unless otherwise noted, the following facts are drawn from the Petition and are accepted as true for purposes of this Report and Recommendation.

Bhuya maintained a joint checking account at Citibank (the "Account"). (Petition ¶ 10.) On April 11, 2022, three unauthorized wire transfers in the aggregate sum of $161,200.00 were sent from the Account. (Id. ¶ 11.) While Citibank credited the Account $28,000.00, as a result of reimbursements it received following recall requests placed to beneficiary banks, $133,000.00 was not recovered. (Id. ¶ 12.)

Bhuya thereafter commenced the within action, seeking to recover $133,000.00 pursuant to the EFTA, the UCC, and common law breach of contract. (Id. ¶¶ 13-14.) On November 10, 2022, based on a request by the parties, the within action was stayed pending arbitration. (Id. ¶ 16.) Citibank commenced arbitration on November 11, 2022. (Id. ¶ 17.)

After participating in arbitration, which included one day of virtual hearings, the Arbitrator issued her Award dated August 4, 2023. (Petition, Ex. A.) In the Award, the Arbitrator denied all of Bhuya's claims and held that all fees and compensation of the Arbitrator were to be borne as incurred. (Id. at 4.) Although the parties attempted to settle Bhuya's claims, their attempts were unsuccessful. Citibank then filed its Petition to confirm the Award on September 22, 2023. Bhuya filed his Answer to the Petition on December 8, 2023. (DE [9].)

DISCUSSION

I.   Legal Standard

"Following issuance of an arbitration award, § 9 of the Federal Arbitration Act ("FAA") provides that a party may apply to a district court 'for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected

2

as prescribed in sections 10 and 11 of this title.'" STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 74 (2d Cir. 2011) (quoting 9 U.S.C. § 9). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Bugtani v. DISH Network, LLC, No. 18-CV-5003, 2023 WL 5625446, at *1 (E.D.N.Y. Aug. 31, 2023) (citation omitted). Specifically, pursuant to the FAA, vacatur of an arbitration award by a district court is only permitted under the following circumstances:

 (1) where the award was procured by corruption, fraud, or undue means;

 (2) where there was evident partiality or corruption in the arbitrators, or either of them;

 (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

 (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

 Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation and internal quotation marks omitted). "In reviewing an arbitration award, the Court must accord the arbitrator's decision great deference." Bugtani, 2023 WL 5625446, at *1 (citation and internal quotation marks omitted); see also Duferco Int'l Steel Trading v. T. Klaveness Shipping, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an arbitration panel's decision great deference."). "The arbitrator's rationale need not be explained and the award should be confirmed 'if a ground for the arbitrator's

decision can be inferred from the facts of the case.'" Coastal Equities, Inc. v. Stephens, No. 21 CV 2470, 2022 WL 16957170, at *2 (E.D.N.Y. Oct. 17, 2022) (quoting D.H. Blair, 462 F.3d at 110) (additional citation omitted). "Only 'a barely colorable justification for the outcome reached' is necessary to confirm the award." Coastal Equities, 2022 WL 16957170, at *2 (quoting D.H. Blair, 462 F.3d at 110).

II.     The Within Petition Should be Confirmed

In his Answer to the Petition, Bhuya asserts two affirmative defenses as to why the Petition should not be confirmed. The first states that the Petition should be dismissed "under the prior action pending doctrine." (Ans. ¶ 41.) However, no further explanation is provided. Nor does Bhuya address this ground in the supplemental memorandum of law this Court directed each party to submit. (DE [31].) Accordingly, this argument should be rejected.

Bhuya's second affirmative defense states that Citibank neither filed nor served a copy of the award upon him or his attorney and that, pursuant to 9 U.S.C. § 12, he will move to vacate or modify the award within three months after service of the Award. (Ans. ¶ 43.) However, as the docket sheet in CV 23-7082 reflects, the Petition was served upon Bhuya and a summons was returned executed on November 17, 2023. (DE [7].) A copy of the Award was annexed to the Petition as Exhibit A. (DE [1].) Moreover, Citibank advises the Court in its supplemental memorandum of law that following the settlement conference held before this Court – which was unsuccessful – counsel for Bhuya acknowledged service of the Petition. (DE [32] at 5 n.1.) More than three months have passed since Bhuya was served with the Award, yet has made no effort to vacate or modify the Award. As with his first affirmative defense, Bhuya does not address this issue in his supplemental memorandum of law. Accordingly, this argument should be rejected as well.

4

The sole argument put forth in Bhuya's supplemental memorandum of law, which is not found anywhere in his Answer, is that the Award should be vacated because the Arbitrator exhibited a "manifest disregard of the law." (DE [31] at 3.) In addition to the four statutory bases for vacating an arbitration award, "a court may vacate an award if it exhibits a 'manifest disregard of the law.'" Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 139 (2d Cir. 2007) (quoting Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002)) (additional citation omitted). However, even under this standard, the court's review "is highly deferential and such relief is appropriately rare." Porzig, 497 F.3d at 139 (citing Duferco, 333 F.3d at 389). Accordingly, an arbitration award may be vacated for manifest disregard of the law "only where a petitioner can demonstrate 'both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case.'" Porzig, 497 F.3d at 139 (quoting Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004)).

Bhuya argues that the Arbitrator ignored the EFTA by "unlawfully placing the burden of proof of the loss of funds on [Bhuya] – not Citibank." (DE [31] at 4.) According to Bhuya, the only issue the Arbitrator should have considered was whether he authorized the electronic transfer of his money. (Id.) However, the Award is clear that the Arbitrator did, in fact, consider the EFTA, and expressly found that "wire transfers are not covered by the EFTA." (Award at 1.) As the Arbitrator correctly stated, Regulation E of the EFTA "expressly states that the term 'electronic fund transfer' does not include '(3) Wire or other similar transfers.'" (Id.) The regulation goes on to exclude from coverage "[a]ny transfer of funds through Fedwire or through a similar wire transfer system that is used primarily for transfers between financial institutions or between businesses." 12 C.F.R. § 1005.3(c)(3). As Bhuya's own Complaint in this action

5

expressly states that Citibank transferred his money to the unknown individuals through wire transfers, the Arbitrator was correct in finding that the EFTA does not apply to Bhuya's claims. Accordingly, the Arbitrator did not exhibit a manifest disregard of the law warranting vacatur of the Award.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Citibank's petition for confirmation of the Award dated August 4, 2023, issued by the American Arbitration Association in <u>In the Matter of the Arbitration between Java Bhuya v. Citibank, N.A.</u>, Case Number 01-22-004-7688, be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
       June 6, 2024                          /s/     Anne. Y. Shields
                                                    ANNE Y. SHIELDS
                                                    United States Magistrate Judge